311 So.2d 409 (1975)
John T. WEPPLER et al., Appellants,
v.
The SCHOOL BOARD OF DADE COUNTY, Florida, Appellee.
No. 74-419.
District Court of Appeal of Florida, Third District.
April 22, 1975.
Weinsoff & Weinsoff, Miami, for appellants.
Frank A. Howard, Jr. and Phyllis O. Douglas, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellants seek review of a final order dismissing their second amended complaint with prejudice on the grounds that the court lacks jurisdiction of the subject matter and over the person of the defendant-appellee.
This action was commenced by the appellants, non-instructional employees of the appellee, the School Board of Dade County, under the provisions of the federal Fair Labor Standards Act, 29 U.S.C.A. §§ 201-219.
In substance, appellants seek recovery of overtime pay as members of a class in the amount of $5 million, plus an equal amount as liquidated damages, under Section 216(b) of the Act, together with attorney's fees and costs.
In filing its motion to dismiss, the School Board, inter alia, contended that the court *410 lacked jurisdiction because as an arm of the state, the Board is immune from suit under the federal legislation; and, in addition, because the Florida Constitution prohibits the expenditure of school funds for other than the support and maintenance of free public schools.
On appeal, the appellants have raised three points which essentially assert that this action seeks relief ex contractu; that all existing laws at the time and place of the contract are incorporated into its provisions including the federal law; and that under the provisions of Fla. Stat. § 230.22(4), F.S.A., sovereign immunity is waived where the School Board is sued on a contract.
From our examination of the record on appeal it is apparent that the appellants are asserting a point on appeal which is neither raised in the complaint, nor was it raised specifically in the trial court proceedings.
A waiver of sovereign immunity must be raised in the complaint, and it must appear that the waiver is unequivocal. See, Arnold v. Shumpert, Fla. 1968, 217 So.2d 116.
Moreover, it is our view that the complaint basically attempts to state a cause of action arising under statute, not under contract, and Section 230.22(4) accordingly does not constitute a clear waiver of the School Board's immunity.
We also have read closely the opinion of the U.S. Supreme Court rendered in the case of Employees of the Department of Public Health and Welfare v. Department of Public Health and Welfare, State of Missouri, et al., 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973).
Therein six members of the court held that the State could not be sued in a private action under the F.L.S.A. in federal court because the Eleventh Amendment of the U.S. Constitution afforded immunity to the State.
The court stated, "The policy of the Act so far as the States are concerned is wholly served by allowing the delicate federal-state relationship to be managed through the Secretary of Labor."
The court specifically declined to reach the question of whether or not the state's immunity is extended to the state courts under Section 216(b) of the Act.
But, we think the logic of the majority opinion is compelling in this case. We do not question the Congress' power to regulate commerce under the F.L.S.A. and therefore to constitutionally extend coverage to the School Board under the Act; nor do we doubt the salutary purposes for enacting the F.L.S.A. See, Maryland v. Wirtz, 392 U.S. 183, 88 S.Ct. 2017, 20 L.Ed.2d 1020 (1968).
It is our interpretation, however, that the statutory action under Section 216(b) which gives employees the right to sue their employers for unpaid overtime compensation, and an equal sum as liquidated damages, invades primarily governmental action on the part of the Board.
Traditionally, School Boards have been immune from suit in such instances, and we think there is no clear Congressional intent to abrogate the Board's immunity in lawsuits such as the instant case.
Therefore, the order appealed is affirmed.
Affirmed.